UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LISA DEMELIO,

                        Plaintiff,              **OPINION AND ORDER**

      -against-                        21-cv-1900 (AEK)

WAL-MART STORES EAST, LP,

                        Defendant.

------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

Plaintiff Lisa Demelio brings this action against Defendant Wal-Mart Stores East, LP ("Wal-Mart"), seeking to recover for personal injuries she allegedly suffered when she slipped and fell in Defendant's store in Suffern, New York on June 2, 2018. ECF No. 4-1. Before the Court is Defendant's motion for summary judgment. ECF Nos. 17 (Notice of Motion), 18 (Memorandum of Law or "Def.'s Mem."). For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND

**A.**     **Factual Background**

The following facts are undisputed unless otherwise noted and are taken from Defendant's Local Civil Rule 56.1 Statement of Material Facts, ECF No. 19 ("Def.'s 56.1 Statement"), Plaintiff's Response to Defendant's Rule 56.1 Statement, ECF No. 23 at 1-5 ("Pl.'s 56.1 Resp."), Plaintiff's Counterstatement of Material Facts, ECF No. 23 at 6-14 ("Pl.'s 56.1

---

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 11.

Statement"), Defendant's Response to Plaintiff's Counterstatement of Material Facts, ECF No. 25-1 ("Def.'s 56.1 Resp."), and the exhibits submitted by the parties.

On June 2, 2018, Plaintiff was shopping in a Wal-Mart store located in Suffern, New York when she slipped and fell. Def.'s 56.1 Statement ¶¶ 1-2. Plaintiff testified at her deposition in this matter that she walked approximately ten to fifteen feet down the store's hair products aisle before she fell on a slippery substance that, based on its sweet smell and consistency, she believed to be baby oil. *Id.* ¶ 2; Pl.'s 56.1 Resp. ¶ 2. Prior to her fall, Plaintiff did not see the substance that was on the floor. Def.'s 56.1 Statement ¶ 4; Pl.'s 56.1 Resp. ¶¶ 4-5. Plaintiff testified that she did not notice the spill prior to her fall because "it's just a shiny floor. It looks like it's a clean, shiny floor." ECF No. 20 ("Petrowski Decl.") Ex. C ("Demelio Dep.") at 110:23-111:4. Plaintiff further testified that after her fall, when she was "eye level" with the spill, she observed:

> [Y]ou can see that there was clear stuff. You could see foot marks, though, in it some dirt where people walked. You can see like streaks through it maybe carts went through it and you could see where it goes beyond my face and beyond my feet. So now that I'm laying in it, you can see that it's there.

*Id.* at 110:16-23. According to Plaintiff, the spill was between ten and fourteen feet long and stretched three quarters of the way across the aisle. *Id.* at 32:13-18.

Video surveillance footage from the Suffern Wal-Mart store on the day of the incident shows that at least one Wal-Mart employee was in the vicinity of the aisle where Plaintiff fell— at the opposite end from where Plaintiff entered the aisle—approximately 40 seconds before Plaintiff fell.[2] Pl.'s 56.1 Statement ¶¶ 9-22; ECF No. 24 ("Saunders Decl.") Ex. 23, Video 1

---

[2] Due to the angle of the cameras, Plaintiff's fall is not visible in the surveillance footage.

("Razor Blades Video").[3]  Additionally, surveillance video from that day reveals that there was substantial foot traffic in the general area of the incident, including in the aisle immediately adjacent to the hair products aisle where Plaintiff fell, in the minutes before the accident.  *See, e.g.*, Razor Blades Video at 9:34:00 to 9:42:00.  At 9:39:17 p.m., Plaintiff can be seen approaching a Wal-Mart employee, who points down the aisle immediately adjacent to the hair products aisle.  *Id.*; *see* Pl.'s 56.1 Statement ¶¶ 12-13.  After receiving directions from the employee, Plaintiff is seen walking down the adjacent aisle and looking around before, at roughly 9:39:57 p.m., turning into the hair products aisle from the side further from the camera.  Razor Blades Video; Pl.'s 56.1 Statement ¶ 14.  Though the camera angle does not provide a clear view, it is apparent that multiple customers walked in, out, and through the hair products aisle between 9:40:00 and 9:41:00 p.m., including at least one customer with a shopping cart.  Razor Blades Video.

    After she stood up following her fall, Plaintiff found a Wal-Mart employee in the nearby lawn and garden department and asked for assistance.  *See* Demelio Dep. at 46:8-47:25; Saunders Decl. Ex. 1 ("Demelio Aff.") ¶ 9.  Both the employee and a customer came to assist Plaintiff, and the customer took photographs on his cell phone of the area where Plaintiff fell.  Demelio Dep. at 46:8-47:25, 107:23-108:7; Demelio Aff. ¶ 10.  According to Plaintiff, the photographs accurately depict the condition as it existed when she fell.  Pl.'s 56.1 Statement ¶ 68; *see* Saunders Decl. Exs. 2-4.  The photographs show the floor of the hair products aisle, and three bottles of hair product are visible on the ground toward the edge of the aisle.  Saunders Decl. Exs. 2-4.

---

[3] There are three videos that make up Exhibit 23; they are identified by Plaintiff as "Razor Blades," "Lawn and Garden," and "Action Alley," consistent with the labeling text that appears at the bottom of the videos as produced by Defendant.  *See* Pl.'s 56.1 Statement ¶ 9.

Assistant Manager Christopher Greco was working on the day of the incident and responded after Plaintiff fell. When Greco arrived at the scene, he observed that—contrary to company policy, which requires that an accident scene remain untouched until a Wal-Mart employee takes photographs—powdered spill absorbent had been applied already to the floor to begin cleaning up the mess. Pl.'s 56.1 Statement ¶¶ 40-41, 47; Saunders Decl. Ex. 8 ("Greco Dep.") at 42:20-43:7, 58:4-12. Based on the amount of cleaning product that was on the floor when Greco arrived, he estimated there was a twelve-to-sixteen-foot spill. Greco Dep. at 59:7-16; Pl.'s 56.1 Statement ¶ 48. Greco took photographs of the scene as it appeared when he arrived. Pl.'s 56.1 Statement ¶ 49; Saunders Decl. Exs. 5-7.

At his deposition, Greco testified that Wal-Mart associates are trained to always be aware of their surroundings and to always be mindful of employee and customer safety. Greco Dep. at 23:22-25:3; Pl.'s 56.1 Statement ¶ 28. They are also expected to look for and be aware of spills on the floor. Greco Dep. at 38:14-22; Pl.'s 56.1 Statement ¶ 38.

On June 6, 2018, four days after the incident, Plaintiff spoke with a claims representative who worked for Wal-Mart Claims Services Inc. (f/k/a Claims Management Inc.). ECF No. 21 ("Hammers Aff."). In notes from that conversation, the claims representative wrote:

> The substance was at the beginning of the aisle, if you first walk in the store and turn L towards GC, the hairspray is in the last aisle and this was right as she turned the corner, and spread almost across the entire width of the aisle. It was clear so she couldn't see it. It was not tracked up or dirty, no other s/c tracks or footprints, it was pretty clean actually.

Petrowski Decl. Ex. D at 18.[4]

---

[4] Plaintiff denies that these notes "are contemporaneous, complete or accurate," though she admits to speaking to a claims representative from Claims Management Inc. twice on June 6, 2018 and once on July 3, 2018. Pl.'s 56.1 Resp. ¶ 7. There is a discrepancy between the final sentence of this statement that is attributed to Plaintiff—regarding whether there were tracks, footprints, or dirt as part of the spill—and Plaintiff's deposition testimony regarding what she observed when she was on the ground after her fall. *Compare* Petrowski Decl. Ex. D at 18, *with*

4

**B.     Procedural History**

Plaintiff initiated this action by filing a complaint in the Supreme Court of the State of New York, Rockland County on October 22, 2020.  ECF No. 4-1.  On March 4, 2021, Defendant removed the matter to federal court based on diversity of citizenship between the parties pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.  ECF No. 4.  Defendant filed its motion for summary judgment on May 9, 2022.  ECF Nos. 17-21.  On June 8, 2022, Plaintiff submitted her opposition to the motion.  ECF Nos. 22-24.  The motion was fully submitted on June 29, 2022 when Defendant filed its reply brief.  ECF No. 25 ("Def.'s Reply").

## LEGAL STANDARD

**A.     Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 320-23 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether a genuine issue of material fact exists, a court is required to "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in its favor."  *Mount Vernon Fire Ins. Co. v. Belize NY, Inc.*, 277 F.3d 232, 236 (2d Cir. 2002); *Farias v. Instructional*

---

Demelio Dep. at 110:16-23.  Because the Court is required, at this stage, to assess the record in the light most favorable to the Plaintiff as the non-moving party, *see Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018), the Court's analysis here is based on Plaintiff's description of the spill from her deposition testimony, which is more favorable for Plaintiff's opposition to the motion than the statements attributed to her in the claims representative's documentation.

*Sys., Inc.*, 259 F.3d 91, 97 (2d Cir. 2001); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 764 (2d Cir. 1998); *see also Anderson*, 477 U.S. at 261 n.2.  A party cannot overcome summary judgment by relying on "mere speculation or conjecture as to the true nature of the facts" because "conclusory allegations or denials" cannot "create" genuine disputes of material fact "where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quotation marks omitted).  "Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." *Cruden v. Bank of N.Y.*, 957 F.2d 961, 975 (2d Cir. 1992) (citing *H.L. Hayden Co. v. Siemens Med. Sys. Inc.*, 879 F.2d 1005, 1011 (2d Cir. 1989)).

**B.     Burden of Proof**

While New York law governs the substantive slip-and-fall claim,[5] federal law applies to procedural aspects of the claim. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  "Because the moving party's burden of proof on a summary judgment motion is procedural, it is therefore governed by federal law." *Ricci v. Wal-Mart Stores East, LP*, No. 16-cv-6920 (JCM), 2018 WL 4308556, at *4 (S.D.N.Y. Sept. 10, 2018) (collecting cases).  "While in New York state court the [d]efendant would have to demonstrate it neither created the condition nor had notice of it, in federal court the [d]efendant, as the moving party, may point to the absence of evidence that it caused or had notice of the hazard, and thereby shift the burden to the [p]laintiff to create an issue for trial through specific factual assertions." *Rodriguez v. Wal-Mart Stores East, LP*, No. 16-cv-2603 (CS), 2017 WL 4045745, at *3 (S.D.N.Y. Sept. 11, 2017); *accord Vasquez v. United States*, No. 14-cv-1510 (DF), 2016 WL 315879, at *4 (S.D.N.Y. Jan. 15, 2016) (quoting *Levine*

---

[5] Because jurisdiction over this matter is based upon the parties' diversity of citizenship and the alleged acts occurred in New York, New York law governs the substantive claims. *Moy v. Target Corp.*, --- F. Supp. 3d ---, 2022 WL 4367361, at *4 n.6 (S.D.N.Y. Sept. 21, 2022).

*v. Amverserve Ass'n, Inc.*, 938 N.Y.S.2d 593, 593 (2d Dep't 2012)).  Put another way, the moving party "need not make any affirmative *prima facie* showing on [a] motion for summary judgment, and may discharge its burden of proof merely by pointing to an absence of evidence to support an essential element of [plaintiff's] claim."  *Vasquez*, 2016 WL 315879, at *5 (quotation marks omitted).  If a defendant sustains that burden, the burden then shifts to the plaintiff to present evidence and demonstrate that a genuine issue of material fact exists for trial.  *Celotex*, 477 U.S. at 322-24.

## DISCUSSION

### A.   Premises Liability

Plaintiff claims that Defendant's negligence caused her to sustain injuries on June 2, 2018 as a result of her slip and fall at the Suffern Wal-Mart store.  "To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'"  *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (quoting *Solomon ex rel. Solomon v. City of New York*, 489 N.Y.S.2d 392, 392 (1985)).  In the context of premises liability and slip-and-fall cases, "the plaintiff must show that there was a dangerous or defective condition that caused the accident, and that the defendant either created the defective condition, or had actual or constructive notice thereof."  *Moy*, 2022 WL 4367631, at *3 (cleaned up).  Under New York law, Plaintiff bears the burden of proof on the elements of her premises liability claim.  *See Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (summary order).

Defendant does not contest that a jury could find that there was a dangerous condition that caused Plaintiff to fall to the ground, *see* Def.'s Mem., and Plaintiff concedes that there is no

evidence that Defendant either created the condition or had actual notice of the condition, *see* ECF No. 22 ("Pl.'s Mem.") at 8.  Therefore, the only issue in dispute—and the only potential basis for liability—is whether Defendant had constructive notice of the spill.  "To prove liability based on constructive notice, the danger must have been 'visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it.'" *Nussbaum v. Metro-North Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) (summary order) (quoting *Lemonda v. Sutton*, 702 N.Y.S.2d 275, 276 (1st Dep't 2000)).

Plaintiff argues that Defendant had constructive notice of the spill because it was visible and apparent, and existed for a sufficient length of time prior to the accident for Defendant's employees to have remedied it.  Pl.'s Mem. at 4-5.  Defendant contends that summary judgment is appropriate because there is no evidence in the record establishing either element and accordingly, no rational jury could find in favor of Plaintiff.  Def.'s Mem. at 8-11.  The Court considers each factor in turn.

### B. Constructive Notice—Visible and Apparent

Plaintiff has not raised a triable jury question as to whether the spill was visible and apparent.  "Courts in this Circuit routinely grant summary judgment in [ ] slip-and-fall cases on the ground that the condition was not visible and apparent when a plaintiff did not see the condition prior to the fall and did not submit other evidence that the condition was visible." *Moy* 2022 WL 4367361, at *4 (collecting cases).

Here, the evidence in the record demonstrates that the spill was neither visible nor apparent prior to Plaintiff's fall.  There is no dispute that Plaintiff herself did not see the slippery substance until she was on the ground, Def.'s 56.1 Statement ¶ 4; Pl.'s 56.1 Resp. ¶ 4, and Plaintiff cannot point to anyone else who did.  Although Plaintiff testified that she was able see

the substance after she had fallen to the floor, Pl.'s 56.1 Resp. ¶ 4, and Greco testified that after he arrived at the scene (and after maintenance workers had started to clean the spill) he could see "maybe a little bit of glossiness," Greco Dep. at 128:19-129:5, "the legally meaningful time to notice a defective condition is *before* an accident, not after," *Henry v. Target Corp.*, No. 16-cv-8416 (JPO), 2018 WL 3559084, at *5 (S.D.N.Y. July 24, 2018) (emphasis in original); *see also Melanson-Olimpio v. Wal-Mart Stores East, LP*, No. 16-cv-8735 (NSR), 2019 WL 1060625, at *5 (S.D.N.Y. Mar. 6, 2019) ("Observations after an accident occurs are not evidence that a condition was visible and apparent prior to the accident."); *cf. Urrutia v. Target Corp.*, 681 F. App'x 102, 104 (2d Cir. 2017) (summary order) (reversing lower court's grant of summary judgment because "[b]ased on [the plaintiff's] testimony that she saw clear liquid on the floor approximately forty-five minutes *before* she fell, and the evidence that she slipped in clear liquid in the same spot, a jury could reasonably conclude that the clear liquid was visible and apparent" (emphasis added)).

Moreover, Plaintiff's assertion that the photographs taken by another customer minutes after Plaintiff's fall "clearly" show a "large spill," Pl.'s Mem. at 9, 11, 12, overstates the evidence. The photographs show, at best, a shiny substance on a shiny floor. *See* Saunders Decl. Exs. 2-4. The store surveillance videos submitted by Plaintiff likewise show that the floors of the Suffern Wal-Mart were generally shiny. *See, e.g.*, Razor Blades Video. Indeed, Plaintiff testified that before the fall, she thought that "it's just a shiny floor. It looks like it's a clean, shiny floor." Demelio Dep. at 110:23-111:4. In any event, "[u]nder New York law, '[t]he mere existence of a foreign substance, without more, is insufficient to support a claim of negligence.'" *Henry*, 2018 WL 3559084, at *4 (quoting *Segretti v. Shorenstein Co., E., L.P.*, 682 N.Y.S.2d 176, 177 (1st Dep't 1998)).

9

Further, Plaintiff places significant emphasis in her opposition brief on the fact that the video evidence shows a Wal-Mart employee at the opposite end of the aisle where the accident occurred in the minutes leading up to her fall. *See* Pl.'s Mem. at 14-19. But the fact that Wal-Mart employees were in the vicinity and did not react to the spill—as they are trained to do—counsels against finding the condition was visible and apparent. *See Ortiz v. Wal-Mart Stores East, LP*, No. 17-cv-945 (NSR), 2019 WL 1171566, at *5 (S.D.N.Y. March 13, 2019) (finding spill was not visible and apparent where "[s]everal employees of Defendant walked through or by this area prior to the accident and, although they are trained to look for spills or liquid on the ground, none of them appeared to notice a spill in the area of the accident"); *Castellanos v. Target Dep't Stores, Inc.*, No. 12-cv-2775 (GWG), 2013 WL 4017166, at *6 (S.D.N.Y. Aug. 7, 2013) (granting summary judgment for the defendant and noting that surveillance video did not "suggest that any of the dozens of customers or employees that walked through the area in the 25 minutes prior to the accident . . . were impeded in any way by a plastic display on the ground").

In sum, Plaintiff concedes that she did not see the spill prior to her fall; she has offered no evidence that anyone else saw the condition; and the photographic and video evidence submitted do not raise a triable issue of fact regarding whether the spill was visible and apparent. Under these circumstances, summary judgment is warranted. *See Decker v. Middletown Walmart Supercenter Store*, No. 15-cv-2886 (JCM), 2017 WL 568761, at *7 (S.D.N.Y. Feb. 10, 2017) (explaining "other courts have found insufficient evidence to raise a triable issue of fact regarding whether a condition was visible and apparent where a plaintiff did not see the condition prior to a fall, or offer evidence that others saw the condition prior to the fall") (collecting cases).

### C.     Constructive Notice—Length of Time

Even if Plaintiff had raised a triable issue of fact as to the question of whether the spill was visible and apparent—which she did not—Defendant would be entitled to summary judgment because Plaintiff has not shown that the condition had existed for a sufficient length of time to provide constructive notice to Wal-Mart.  "Although constructive notice can be inferred based on the circumstances surrounding the injury and the condition of the premises, in order to survive summary judgment, Plaintiff must provide *some basis* for an inference that the spill was there long enough to blame Defendant for the accident."  *Moy*, 2022 WL 4367361, at *4 (emphasis in original) (cleaned up).  While Plaintiff is not required to know precisely how long the condition existed, she nevertheless "must produce some form of evidence from which a reasonable jury could infer that it was a long enough period to permit Defendant's employees to notice and remedy it."  *Rodriguez*, 2017 WL 4045745, at *5 n.5.  Here, Defendant asserts that (1) Plaintiff's observation of "footprints and track marks" are not sufficient for a jury to conclude that the substance had been on the floor for any particular length of time, and (2) the fact that Wal-Mart employees were in the vicinity close in time to the incident does not establish that Defendant had constructive notice.  Def.'s Mem. at 9-11.  The Court agrees.

To support her argument as to length of time, Plaintiff relies on her testimony that while on the ground, she could see "dirty" footprints and "trail marks of carts," which Plaintiff maintains is supported by the photographic evidence.  *See* Pl.'s Mem. at 11-12.  According to Plaintiff, both her testimony and the photographs provide independent bases to defeat summary judgment based on the inference that if the substance was spilled long enough for others to walk through it, Defendant had time to become aware of it.  *See id*.  But even considering these photographs and Plaintiff's testimony in the light most favorable to her, "[n]one of this evidence

11

. . . tells us anything about how long the [substance] was on the floor (except perhaps that it was more than a few seconds), let alone suggests that it lingered unattended for a significant amount of time." *Rodriguez*, 2017 WL 4045745, at *5 (finding "four liquid track marks" did not establish the "length of time" prong of constructive notice); *see also McGahan v. Brooklyn Pub. Libr.*, 209 A.D.3d 853, 854 (2d Dep't 2022) ("The plaintiff's contention that she slipped and fell on what appeared to be 'dirty old water' did not raise a triable issue of fact as to whether that condition existed for a sufficient period of time in order for the defendant's employees to have identified the condition and remedied it."); *Mehta v. Stop & Shop Supermarket Co., LLC*, 129 A.D.3d 1037, 1039 (2d Dep't 2015) (reversing trial court's denial of summary judgment where "plaintiff's contention that she slipped and fell on what appeared to be dirty water did not raise a triable issue of fact as to whether that condition existed for a sufficient period of time in order for the defendant's employees to have identified the condition and remedied it"); *cf. Figueroa v. Pathmark Stores, Inc.*, No. 02-cv-4992 (THK), 2004 WL 74261, at *4 (S.D.N.Y. Jan. 15, 2004) (where someone observed "a trail of pink liquid leading from the front of the store though the checkout area with shopping cart tracks and footprints through it, leading in different directions . . . , [c]oupled with her observation that the liquid had become sticky and begun to change color and consistency in some places . . . , a jury could infer that the pink liquid was present for an appreciable period of time"). The footprint and cart marks are particularly unhelpful as indicators of timing here, where video evidence shows that immediately prior to Plaintiff's fall and in the minutes that followed, there were customers walking through the hair products aisle, including at least one customer with a shopping cart. *See* Razor Blades Video.

    Further, contrary to Plaintiff's argument, the "size of the spill" says nothing about the length of time that it was on the ground. *See* Pl.'s Mem. at 16. As other courts have observed,

"[t]his argument simply defies common sense and experience," as "[t]he size of a puddle evidences the amount of fluid spilled, but provides no information concerning the duration of the puddle's existence; a quart of water spilled on the floor will result in a large puddle immediately after the spill as well as one-half hour after the spill." *Rivera v. Target Dep't Store, Inc.*, No. 15-cv-7846 (HBP), 2017 WL 2709745, at *8 (S.D.N.Y. June 22, 2017). "Obviously, a large amount of liquid can be spilled as quickly as a small amount . . . . To infer a longer period of time based on the size of the puddle, Plaintiff[] would have to offer evidence that the original puddle was small and grew over time, such as might occur if the spill resulted from a slow leak." *Strass v. Costco Wholesale Corp.*, No. 14-cv-6924 (PKC) (VMS), 2016 WL 3448578, at *7 (E.D.N.Y. June 17, 2016) (noting that "circumstantial evidence that [plaintiff] slipped on a large puddle, without more, does not support an inference that the puddle had existed for enough time to allow a [store] employee to discover the spill and clean it up"). Plaintiff has offered no such evidence here.

Plaintiff next theorizes that a reasonable jury could infer constructive notice from the fact that a Wal-Mart employee can be seen in the vicinity of the incident for two minutes prior to Plaintiff's fall. Pl.'s Mem. at 14-19. But without some other evidence of the amount of time that the substance was on the floor, this argument is unpersuasive.[6] "The mere existence of a defendant's agent in the area of an accident is insufficient to create a genuine issue of material fact regarding how long a dangerous condition existed." *Leandro v. Wal-Mart Supercenter Store*

---

[6] This argument also relies on the incorrect premise that the spill was visible and apparent, and likewise fails for that reason. *See Dranoff v. Sam's East, Inc.*, No. 16-cv-6482 (CS), 2017 WL 1437207, at *6 (S.D.N.Y. Apr. 20, 2017) ("[E]ven if one of Defendant's employees did indeed walk by the flower display moments before the fall, because there is no evidence that the water was visible and apparent, the Court cannot infer that Defendant had constructive notice of the dangerous condition.").

*#2104*, No. 19-cv-2108 (JCM), 2021 WL 2742622, at *11 (S.D.N.Y. June 30, 2021) (cleaned up) (collecting cases); *see also Watts v. Wal-Mart Stores East, LP*, No. 16-cv-4411 (KMK), 2018 WL 1626169, at *7 n.12 (S.D.N.Y. Mar. 29, 2018) (finding employees' presence in area of accident to be "inconclusive on the question of the length of time the substance was on the floor and not circumstantial evidence that supports an inference in support of [p]laintiff's position"); *Rodriguez*, 2017 WL 4045745, at *5 (finding that store employee's presence near accident site minutes before the plaintiff fell did not amount to constructive notice where "there is no evidence . . . that there was liquid on the floor when she passed the relevant area . . . and it is entirely feasible that the water was deposited by one of the numerous people . . . who passed by after she left the area"); *cf. Alexander v. Marriott Int'l, Inc.*, No. 01-cv-1124 (LMM), 2002 WL 1492125, at *3 (S.D.N.Y. July 11, 2002) (denying summary judgment motion where plaintiff presented evidence that another customer observed a puddle twenty minutes prior to plaintiff's fall and saw store employees walking through the area during those twenty minutes on multiple occasions).[7]

Because Plaintiff has not offered any evidence from which a reasonable jury could infer that the condition that caused Plaintiff's fall existed for a sufficient length of time prior to the accident to permit Defendant's employees to discover and remedy it, Plaintiff has failed to raise a genuine issue of material fact as to whether Defendant had constructive notice of the condition for this separate and independent reason.

---

[7] Plaintiff asserts, without explanation, that the three bottles of haircare products that are visible in photographs of the spill from after she fell somehow contribute to constructive notice. *See* Pl.'s Mem. at 9, 11, 12, 14-20.  The Court is not persuaded, particularly in light of the unchallenged testimony that whatever substance had spilled to the floor, it did not come from the haircare products in the photographs.  *See* Greco Dep. at 113:9-16.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (ECF No. 17) is GRANTED.  The Clerk of Court is respectfully directed to terminate the pending motion, enter judgment for Defendant, and close the case.

Dated: March 13, 2023
       White Plains, New York

                                                 **SO ORDERED.**

                                             ANDREW E. KRAUSE
                                             United States Magistrate Judge